IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

REGINALD COLBERT,   No. CIV S-09-1569-CMK-P

    Plaintiff,

  vs.   ORDER

M. BANKS,

    Defendant.

                                /

        Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's motion for reconsideration (Doc. 7) of the court's July 6, 2009, order denying in forma pauperis status.

        As explained in the July 6, 2009, order, the court denied in forma pauperis status pursuant to 28 U.S.C. § 1915(g) because plaintiff has had at least three prior actions dismissed for failure to state a claim. The court stated:

> Section 1915(g) of Title 28 of the United States Code provides in pertinent part as follows:
>
> > In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the grounds that it . . . fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

1

1  In the complaint, plaintiff lists several prior civil rights cases filed in this court. Three of them were dismissed for failure to state a claim and, thus, constitute "strikes" under § 1915(g). See 07-1456 (judgment entered on 7-23-2008), 04-5262 (judgment entered on 9-26-2005), and 04-6417 (judgment entered on 1-23-2006 and affirmed by Ninth Circuit on 9-10-2007). Plaintiff's complaint does not allege imminent danger of serious physical injury. Therefore, plaintiff is not entitled to leave to proceed in forma pauperis in this action.

The court instructed plaintiff to pay the full $350.00 statutory filing fee and warned that failure to do so within 30 days would result in dismissal of the action for lack of prosecution and failure to comply with court orders and rules. See Local Rule 11-110.

In the instant motion for reconsideration, plaintiff argues that his case falls under the "imminent danger" exception to § 1915(g). Specifically, plaintiff states that he was forced to undergo a posterior spinal fusion as a result of a fall-related injury. He adds that, due to the fusion, he cannot move his neck or turn his head from side to side or up and down. He states that these limitations are permanent and argues that ". . . this should constitu [sic] serious injury." The court does not agree. The serious injury plaintiff describes has already occurred. Thus, it cannot be said that he is under threat of any "imminent danger" which has not yet actually materialized. 28 U.S.C. § 1915(g).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration (Doc. 7) is denied; and

2. Plaintiff shall pay the full statutory filing fee of $350.00 within 30 days of the date of this order.

DATED: July 20, 2009

_____
CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE